IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-1180

| | |
|---|---|
| THE UNITED STATES OF AMERICA ex rel FERGUSON ENTERPRISES, LLC d/b/a FERGUSON ENTERPRISES, LLC OF VIRGINIA,<br>        Plaintiff,<br><br>V.<br><br>JONES & SMITH CONTRACTORS, LLC, SAUER CONSTRUCTION, LLC a/k/a SAUER INCORPORATED and FEDERAL INSURANCE COMPANY,<br>        Defendants. | **COMPLAINT** |

NOW COMES the Plaintiff, The United States of America ex rel Ferguson Enterprises, LLC d/b/a Ferguson Enterprises, LLC of Virginia ("Plaintiff"), in part pursuant to 40 U.S.C. § 3131 et seq., complaining of the Defendants alleges and says:

**PARTIES**

1. The Plaintiff is a Virginia limited liability company. Plaintiff is authorized to transact business in the State of North Carolina. Plaintiff maintains several offices and places of business in Wake County, North Carolina.

2. Upon information and belief, Defendant Jones & Smith Contractors, LLC ("Defendant Customer") is a North Carolina limited liability company with an office and principal place of business in Winterville, Pitt County, North Carolina.

3. Upon information and belief, Defendant Sauer Construction, LLC ("Defendant Sauer") is a Florida limited liability company with a Registered Agent and Registered Office in Raleigh, Wake County, North Carolina. Upon further information and belief, Defendant Sauer is also known as Sauer Incorporated.

4. Upon information and belief, Defendant Federal Insurance Company ("Defendant Surety") is a foreign corporation with an office and place of business in Pennsylvania.

1

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1345. As previously stated, this action arises in part under 40 U.S.C. § 3131 (the "Miller Act").

6. Venue is proper in the Eastern District of North Carolina, Southern Division pursuant to 40 U.S.C. § 3131 as it is the District in which the Prime Contract (as defined below) was performed.

## COUNT ONE
## Breach of Contract/Suit on Account

7. The allegations set forth in the paragraphs above, including all exhibits, are incorporated herein by reference and realleged.

8. Plaintiff provided waterworks and other related materials and/or labor to Defendant Customer pursuant to a Credit Application and certain invoices for which Plaintiff has not been paid. A true and accurate copy of the Credit Application is attached hereto as **Exhibit A** and incorporated herein by reference.

9. Defendant Customer is indebted to Plaintiff in the amount of $96,843.17 for said waterworks and other related materials and/or labor as reflected in the statement of account and invoices attached hereto as **Exhibit B** and incorporated herein by reference.

10. Defendant Customer has failed to pay Plaintiff for said materials and/or labor despite Plaintiff's repeated demands for payment.

11. Plaintiff complied with all terms and conditions of its contract with Defendant Customer. The filing of this action is prior to the expiration of any applicable statutes of limitation or statutes of repose. Defendant Customer has breached its contract with Plaintiff and has failed to pay Plaintiff for said waterworks and other related materials and/or labor.

12. As a result of its default, Defendant Customer is indebted to Plaintiff in the principal amount of $96,843.17, with interest at the rate of 18.0% per annum from August 30, 2022 until date of judgment and interest thereafter at 8.0% per annum until paid in full, reasonable attorney's fees and costs.

13. Defendant Customer is hereby given notice again by Plaintiff of its intention to collect reasonable attorney's fees pursuant to N.C.G.S. 6-21.2 et seq. Defendant Customer is further notified by service of Summons and this Complaint that it has five (5) days from such date within which to pay the outstanding principal balance claimed due herein plus accrued interest without incurring liability for reasonable attorney's fees.

## COUNT TWO
### Account Stated (In the Alternative)

14. The allegations contained in the above paragraphs, including all exhibits, are realleged and incorporated herein by reference.

15. Plaintiff provided waterworks and other related materials and/or labor pursuant to a contract for which Plaintiff has not been paid.

16. Plaintiff prepared and provided invoices to Defendant Customer in the ordinary course of its business.

17. Defendant Customer accepted Plaintiff's invoices, did not dispute Plaintiff's Invoices, and continued to accept Plaintiff's invoices until this action was commenced.

18. Defendant Customer is therefore indebted to Plaintiff on the account stated in the principal amount of $96,843.17 with interest at the rate of 18.0% per annum from August 30, 2022 until date of judgment and interest thereafter at 8.0% per annum until paid in full, reasonable attorney's fees and costs.

## COUNT THREE
### Miller Act Claim
### (Paradise Point, Camp Lejeune, Onslow County, North Carolina)

19. The allegations set forth in the preceding paragraphs, including all exhibits, are realleged and incorporated herein by reference.

20. Upon information and belief, the United States of America, by and through the United States Marine Corps, as owner, entered into a contract ("Prime Contract") with Defendant Sauer as general contractor for the Paradise Point project located on Camp Lejeune, Onslow County, North Carolina, Contract No. N400852D0035 ("the Project"). Defendant Sauer in turn subcontracted a portion of its scope of work on the Project to Defendant Customer.

21. Defendant Customer in turn subcontracted with Plaintiff to provide certain waterworks and other related goods and/or services to be used in the completion of Defendant Customer's scope of work on the Project and to be used in the improvement of the Project.

22. Plaintiff provided waterworks and other related goods and/or services to Defendant Customer to be used in the Project referenced in paragraph 20 above, and Defendant Customer has failed to pay Plaintiff $96,843.17. Said waterworks materials and other related goods and/or services were delivered to and have been incorporated into the aforementioned Project. Plaintiff fully performed all the terms and conditions of its contract with Defendant Customer.

23. Defendant Sauer, as principal, and Defendant Surety, as surety, executed a labor and material payment bond no. K40196651 for the use and benefit of all persons furnishing labor and materials for the Project ("Payment Bond"). A true and accurate copy of the Payment Bond is attached hereto as **Exhibit C** and incorporated herein by reference

24. Plaintiff, having a direct contractual relationship with Defendant Customer is one of the parties entitled to protection under the Payment Bond as set forth in 40 U.S.C. § 3133(b)(2).

25. As more fully set out above, Plaintiff has not been paid in full for its provision of materials to the Project.

26. Plaintiff gave written notice of its claim on the above-referenced Payment Bond to Defendant Sauer within 90 days of its last date of furnishing of labor and/or materials to Defendant Customer as required by 40 U.S.C. § 3133(b)(2). The Plaintiff's notice was sent to Defendant Sauer via certified mail, return receipt requested.

27. Plaintiff has complied with all terms and conditions of the aforementioned Payment Bond, as well as 40 U.S.C. § 3133(4) and has brought this action within one year of Plaintiff's last date of furnishing of materials and labor to the Project.

28. Plaintiff has made demands for payment on Defendant Customer and Defendant Sauer and each have failed to pay the Plaintiff's claim.

29. Under the plain terms of the Payment Bond, Defendant Sauer and Defendant Surety are jointly and severally liable to the Plaintiff in the amount of $96,843.17, with interest and costs as allowed by applicable statute.

## COUNT FOUR
## Violations of Federal Prompt Payment Act

30. The allegations set forth above, including all exhibits, are incorporated herein by reference and realleged.

31. As more fully set out above, Defendant Customer has failed to pay Plaintiff for its provision of waterworks and other related goods and/or services to be used in the completion of Defendant Customer's scope of work on the Project.

32. As a result of Defendant Customer's repeated and continual failure to remit payment to Plaintiff in a prompt and reasonable manner and as Defendant Customer received payment from Defendant Sauer, Defendant Customer has become indebted to the Plaintiff in the principal amount of $96,843.17, and pursuant to 31 U.S.C. § 3901 et seq., Plaintiff is also entitled to recover accrued interest and penalties at the Federal rate on such late payments as

4

prescribed by the Credit Agreement, the Prime Contract and applicable Federal Acquisition Regulations and/or other applicable laws.

WHEREFORE Plaintiff prays:

1. That it have and recover judgment on Count One against Defendant Jones & Smith Contractors, LLC in the principal amount of $96,843.17, with interest at the rate of 18.0% per annum from August 30, 2022 until the date of judgment, and interest thereafter at 8.0% per annum until paid in full, reasonable attorney's fees in the amount of $14,526.48, and costs;

2. In the alternative, that it have and recover judgment on Count Two against Defendant Jones & Smith Contractors, LLC an account stated in the principal amount of $96,843.17, with interest at the rate of 18.0% per annum from August 30, 2022 until the date of judgment, and interest thereafter at 8.0% per annum until paid in full, reasonable attorney's fees in the amount of $14,526.48, and costs;

3. That it have and recover judgment against Defendants Sauer Construction, LLC a/k/a Sauer Incorporated and Federal Insurance Company, jointly and severally, on Count Three in the amount of $96,843.17, with interest at the rate of 18.0% per annum from August 30, 2022 until the date of judgment, and interest thereafter at 8.0% per annum until paid in full, reasonable attorney's fees in the amount of $14,526.48, and costs;

4. That it have and recover judgment on Count Four against Defendant Jones & Smith Contractors, LLC in the principal amount of $96,843.17, plus interest and penalties as allowed by the Prompt Payment Act pursuant to 31 U.S.C. § 3901 et seq.;

5. That it be awarded the costs of this action and have and recover its actual reasonable attorney's fees as may be allowed by law at the time of judgment; and

6. For such other and further relief as the court may deem just and proper.

This the 24th day of July, 2023.

/s/ Byron L. Saintsing
Byron L. Saintsing
N.C. State Bar No.16035
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh, NC 27619-6010
Phone: (919) 250-2000
Fax: (919) 250-2211
Bsaintsing@smithdebnamlaw.com
Counsel for Plaintiff